Filed 6/21/22 Kravchuk v. Lee CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARIIA KRAVCHUK,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JOYCE LEE,<br><br>Defendant and Respondent. | H049558<br>(Santa Clara County<br>Super. Ct. No. 18CV322457) |

This action arose out of a failed San Jose residential sales transaction involving appellant Mariia Kravchuk, as buyer, and Taylor Morrison of California, LLC (Taylor), as developer/seller. Respondent Joyce Lee was an employee of Taylor. The suit was initially filed in January 2018 in which one cause of action for breach of contract was alleged against Taylor, only. In July 2020, Kravchuk filed a second amended complaint alleging seven causes of action, naming Taylor and eight additional defendants, including Lee. In November 2020, Kravchuk filed a third amended complaint alleging the same seven causes of action and naming all nine defendants. Lee filed a demurrer to the third amended complaint as to each of the five claims asserted against her, which was opposed by Kravchuk. The court sustained Lee's demurrer without leave to amend as to each of the five causes of action, and a judgment of dismissal in Lee's favor was thereafter entered.

On appeal, Kravchuk contends that the trial court erred by denying her leave to amend to afford her the opportunity to state viable causes of action against Lee. She contends further that the court committed procedural error by entering the judgment of dismissal, and that there was no good cause for granting Lee's request for entry of such judgment through an ex parte application. We conclude that because there was no reasonable possibility Kravchuk could amend her pleading to state viable causes of action, the court did not abuse its discretion in denying leave to amend the third amended complaint. We conclude further that the trial court did not commit procedural error in entering the judgment of dismissal and did not abuse its discretion in granting Lee's ex parte application. We will affirm the judgment.

## I.    PROCEDURAL BACKGROUND

### A.    Prior Pleadings

On January 24, 2018, Kravchuk, then represented by counsel, filed a Judicial Council form complaint against Taylor alleging a claim for breach of written contract. She alleged that on or about March 9, 2017, she and Taylor entered into a written contract (the Agreement) involving the purchase and sale of 73 Montecito Vista Drive, Unit #1 in San Jose (the Property), which contract was attached to the complaint. Kravchuk alleged that on or after October 31, 2017, Taylor breached the contract by failing to sell the Property to her.

On July 27, 2020, Kravchuk, as a self-represented litigant, filed her second amended complaint, alleging seven causes of action and naming nine defendants: Taylor; Lee; Attorney James M. Ganion; law firm Collinsworth, Specht, Calkins & Giampaoli, LLP (CSCG); law firm Ulich Balmuth Fisher LLP (UBF); First American Financial Corporation (First American); Olivia Trelles; Tina Longo; and Taylor Beck. Taylor filed a demurrer to the second amended complaint. By order of November 12, 2020, the court

2

sustained with leave to amend the demurrer to two causes of action, and it overruled the demurrer as to one cause of action.[1]

### B.    Third Amended Complaint

On November 30, 2020, Kravchuk, as a self-represented litigant, filed her third amended complaint (hereafter, the Complaint) against the same nine defendants sued in the second amended complaint. The Complaint alleged seven causes of action and contained over 200 pages of exhibits. The causes of action alleged were (1) breach of contract (against Taylor); (2) breach of implied covenant of good faith and fair dealing (against Taylor); (3) deceit (against all defendants); (4) civil conspiracy (against all defendants); (5) aiding and abetting deceit (against all defendants); (6) intentional interference with economic advantage (against all defendants except Taylor); and (7) negligent interference with economic advantage (against all defendants except Taylor).

In her Complaint, Kravchuk alleged, among other things, the following facts, which are admitted for purposes of demurrer to be true (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 213-214 (*Committee on Children's Television*), superseded by statute as stated in *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 227):

Lee is the Vice President of Sales and Marketing of Taylor, and she is a licensed real estate salesperson (as of April 28, 2016) and broker (as of January 7, 2019).[2] On March 9, 2017, Kravchuk and Taylor entered into a contract (i.e., the Agreement) to

---

[1] Lee states in her respondent's brief that she filed a demurrer to the second amended complaint, which was to be heard after the hearing on Taylor's demurrer, and that Lee's demurrer therefore "was denied [*sic*] as moot." Although these statements are not accompanied by the requisite citation to the appellate record (see Cal. Rules of Court, rule 8.204(a)(1)(C)), Kravchuk in her reply brief does not dispute the accuracy of this statement. We will therefore treat Lee's statement as a representation to this court of the procedural history relating to the second amended complaint.

[2] The date (according to the Complaint) that Lee obtained her license as a broker was more than one year after Taylor canceled the subject transaction.

3

purchase the Property for $669,745. Under the terms of the Agreement, the date of closing was when the certificate of occupancy (hereafter, COO) issued for the Property.[3] After repeated attempts by Taylor to obtain a COO were rejected by the City of San Jose (City), a COO was issued on January 31, 2018. Taylor claimed on multiple occasions in November 2017 that the City had issued a COO, and Taylor stated that it would begin charging a daily extension fee of $1,000 if Kravchuk failed to conclude the transaction. Kravchuk alleged that Taylor wrongfully terminated the contract on November 28, 2017, stating that the termination was the result of Kravchuk's failure to close escrow by November 22. Also on November 28, Lee and Taylor notified Kravchuk that she had not complied with the request to close escrow, and they falsely claimed that the City had issued the COO for the Property. Kravchuk was ready and willing to close escrow, but Taylor sold the Property to a third party on January 25, 2018, for $832,842, or $163,097 more than the price in the Agreement.

### C.     Demurrer to Third Amended Complaint

Lee filed a demurrer to the (Third Amended) Complaint. She asserted that the third through seventh causes of action of the Complaint each failed to state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)).[4] As to the third cause of action for deceit, Lee argued in her demurrer, inter alia, that Kravchuk had failed to plead fraud with the requisite specificity, and she had not alleged that Lee made any specific statements to Kravchuk before the latter signed the Agreement.

Kravchuk filed opposition to the demurrer.

---

[3] As pointed out by Lee, this allegation in her Complaint is incorrect. As provided in the Agreement—a copy of which was attached to Kravchuk's Complaint—the closing date or close of escrow was defined as "following substantial completion of the Home on a date to be specified in a notice to be provided by Seller to Buyer. Substantial completion of the Home shall be deemed to have occurred when a certificate of occupancy (*or its equivalent*) has been issued." (Italics added.)

[4] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

The matter was called for hearing on June 29, 2021. The record reflects that there were no appearances and that no party contested the court's tentative ruling. The court adopted the tentative ruling at that time.

The formal order sustaining Lee's demurrer to the Complaint was filed on July 1, 2021. The court sustained without leave to amend the demurrer as to each of the five causes of action alleged against Lee. As summarized below, the court ruled as follows:

*Third Cause of Action* (*Deceit*): Kravchuk, to successfully plead fraud/deceit, was required to allege five elements: " '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' [Citations.]" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) "[F]raud must be [pleaded] specifically; general and conclusory allegations do not suffice. [Citations.]" (*Id.* at p. 645.) The court held that Kravchuk had failed to plead fraud with the required specificity. The only nonconclusory allegation in the Complaint of a misrepresentation by Lee was the claim that she notified Kravchuk on November 28, 2017, that she had not complied with the request to close escrow, and Lee falsely claimed that the City had issued a COO for the Property. That letter, attached as an exhibit to the Complaint, made no mention of the issuance of a COO. Rather, the letter indicated that Kravchuk was in default under the Agreement. There were no allegations in the Complaint that Lee made any representations to Kravchuk prior to her signing the Agreement, or that Lee concealed any information from Kravchuk at the time.

The court concluded further that Kravchuk had not alleged justifiable reliance. Kravchuk alleged "that the [P]roperty was sold to another buyer[;] she cannot allege that she justifiably relied on Lee's alleged misrepresentation or concealment of th[e] fact [that the Property could not be used or occupied before a COO issued] to induce her into purchasing the [P]roperty because she never closed escrow. . . . Plaintiff essentially

5

claims damage by not being able to close escrow, but also damage from being forced to close escrow (with Lee purportedly attempting to deceive her into doing so). These inconsistencies are fatal to this claim as it relates to Lee, and Plaintiff's theory of liability only gets more convoluted with each new iteration of the complaint."

Lastly, the court held that Kravchuk had failed to allege damage: "Plaintiff never parted with anything because she did not fund escrow and her deposit was returned to her, and while she discusses efforts by various defendants to impose contractual sanctions and penalties on her in the [Complaint], she does not actually allege that she paid such sanctions and penalties. In sum, even assuming Plaintiff had properly pleaded all of the other elements of her fraud claim against Lee, she has not pleaded resulting damages. This alone is fatal to her claim."

*Fourth Cause of Action* (*Civil Conspiracy*): Kravchuk alleged that Lee was a co-conspirator of Taylor "in its purported plot to deceive Plaintiff by making false promises that the [P]roperty was habitable and that a certificate of occupancy had been issued." But "there are no facts pleaded which establish that [Lee] made any misrepresentations to or concealed material facts from Plaintiff, i.e., committed acts in furtherance of a common plan with [Taylor]." Further, there is no liability for civil conspiracy if the individual "was not personally bound by the duty violated by the wrongdoing and was acting only as the agent or employee of the party who did have that duty." (*Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39, 44 (*Doctors' Co.*).) Since it was alleged in the Complaint that Lee was an agent and employee of Taylor, and that she acted within the scope of that agency and employment, Kravchuk, the court concluded, did not allege a civil conspiracy claim against Lee.

*Fifth Cause of Action* (*Aiding and Abetting*): Since the claim for aiding and abetting the commission of tortious acts was based upon the predicate that there were actionable fraudulent misrepresentations or concealment, and Kravchuks allegations in

support of her claim for deceit "have been shown to be defective," the court concluded that the claim for aiding and abetting also failed.

*Sixth/Seventh Causes of Action (Intentional/Negligent Interference with Prospective Advantage):* The subject of the two claims appeared to be the Agreement between Kravchuk and Taylor. Kravchuk alleged, and the exhibits to the Complaint demonstrated, that Lee acted as Taylor's employee. Because, the court reasoned, corporate agents and employees acting on behalf of the entity cannot be held liable for inducing a breach of the corporation's contract (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 24 (*Shoemaker*)), Kravchuk's claims for interference with prospective advantage were not maintainable as a matter of law. Further, Kravchuk failed to allege facts that Lee "performed any acts designed to disrupt the relationship between {Taylor] and Plaintiff." Rather, the exhibits to the Complaint were indicative of Taylor's "repeated efforts to encourage Plaintiff to proceed with the transaction and there are no facts that Lee engaged with Plaintiff at *all* at that time, much less outside of her role as an employee of [Taylor]." (Original italics.)

After entry of the court's order, in October 2021, Lee filed an application for entry of judgment in her favor against Kravchuk, which was opposed by Kravchuk. Judgment of dismissal after sustaining of demurrer to the Complaint was filed October 13, 2021. Kravchuk filed a timely notice of appeal from the judgment.

## II.   DISCUSSION

### A.   Demurrers and Standards of Review

A party against whom a complaint or cross-complaint has been filed may file a demurrer to the pleading on particular grounds specified by statute, including the ground that the challenged pleading fails to allege facts sufficient to constitute a cause of action. (§ 430.10, subd. (e).) A demurrer does not "test the truth of the plaintiff's allegations or the accuracy with which he describes the defendant's conduct. A demurrer tests only the legal sufficiency of the pleading." (*Committee on Children's Television, supra,* 35

7

Cal.3d at p. 213; see *Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1057 [question of plaintiff's ability to prove allegations not relevant on demurrer].)

We perform an independent review of a ruling on a demurrer and decide de novo whether the challenged pleading states facts sufficient to constitute a cause of action. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); see also *Randi W. v. Muroc Joint Unified School Dist.* (1997) 14 Cal.4th 1066, 1075.)

On appeal, we will affirm a "trial court's decision to sustain the demurrer [if it] was correct on any theory. [Citation.]" (*Kennedy v. Baxter Healthcare Corp.* (1996) 43 Cal.App.4th 799, 808, fn. omitted.) Thus, "we do not review the validity of the trial court's reasoning but only the propriety of the ruling itself. [Citations.]" (*Orange Unified School Dist. v. Rancho Santiago Community College Dist.* (1997) 54 Cal.App.4th 750, 757.)

"Where the complaint is defective, '[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. [Citations.]' [Citation.]" (*Scott v. City of Indian Wells* (1972) 6 Cal.3d 541, 549 (*Scott*).)

8

An appellate court reviews the denial of leave to amend after the sustaining of a demurrer under an abuse of discretion standard. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) Denial of leave to amend is reviewable "even though "no request to amend [the] pleading was made" in the trial court. (§ 472c, subd. (a).) When a demurrer is sustained without leave to amend, the reviewing court must determine whether there is a reasonable possibility that the complaint could have been amended to cure the defect; if so, it will conclude that the trial court abused its discretion by denying the plaintiff leave to amend. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 39.) " '[W]here the nature of the plaintiff's claim is clear, and under substantive law no liability exists, a court should deny leave to amend because no amendment could change the result.' " (*Buchanan v. Maxfield Enterprises, Inc.* (2005) 130 Cal.App.4th 418, 421.)

The burden of establishing that there is a reasonable possibility that the complaint could have been amended to cure the defect "is squarely on the plaintiff. [Citation.]" (*Blank*, *supra*, 39 Cal.3d at p. 318; see also *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320 (*Campbell*).) The plaintiff must "identify specific facts showing the complaint can be amended to state a viable cause of action. [Citation.]" (*Minnick v. Automotive Creations, Inc.* (2017) 13 Cal.App.5th 1000, 1004 (*Minnick*).)

### B. No Error by the Trial Court

We initially observe that in her appellate briefs, Kravchuk does not challenge the correctness of the trial court's order that Kravchuk failed to allege facts sufficient to state viable claims against Lee as to the third through seventh causes of action of the Complaint. She has therefore abandoned any such claim of error. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4.)

We will address below the two claims raised by Kravchuk on appeal: (1) the court abused its discretion by denying leave to amend; and (2) the court erred by granting Lee's

ex parte application for entry of judgment and by entering judgment on the order sustaining demurrer.

### 1. *Denial of Leave to Amend*

#### a. **Request for Judicial Notice**

Certain "facts" that Kravchuk puts forth in support of her assertion that leave to amend should have been granted relate to matters contained in her request for judicial notice filed concurrently with her opening brief. We address that request for judicial notice.

Kravchuk attaches three documents to her request for judicial notice: (1) a document purporting to originate from a California Department of Real Estate (DRE) website, as of December 3, 2021, identifying Lee as a licensed broker whose license was issued on January 7, 2019; (2) a document purporting to originate from the DRE website, as of December 3, 2021, identifying Taylor Morrison Services Inc. (hereafter, Taylor Services) as licensee with a corporation license issued September 13, 1987; and (3) a document ("Statement of Information") purporting to have been filed with the California Secretary of State by Taylor Services on December 30, 2020. Kravchuk argues that the documents are properly subject to permissive judicial notice under Evidence Code sections 452 and 459, and that presentation of them will assist her position that leave to amend should have been granted. Lee has not opposed the request, either through separate opposition or by argument in her respondent's brief.

A court may take judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments of the United States and of any state of the United States." (Evid. Code, § 452, subd. (c).) Therefore, "matters such as resolutions, reports and other official acts of the state may be judicially noticed for the purpose of ruling upon a demurrer. [Citations.]" (*Childs v. State of California* (1983) 144 Cal.App.3d 155, 162; see also *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 950 [judicial notice granted for certificate of corporate status filed with the Secretary of State].) It is

10

therefore appropriate for this court to take judicial notice of these filings with State of California agencies. (See Evid. Code, § 459, subd. (a) [appellate "court may take judicial notice of any matter specified in [Evid. Code] Section 452"].) Although appellate courts ordinarily do not take judicial notice of records not presented to the lower court (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3), we do so here because (1) of the liberality exercised in granting leave to amend (*Scott*, *supra*, 6 Cal.3d at p. 549), and (2) we must consider grounds offered by Kravchuk as appellant asserting the ability to amend her pleading to state a viable cause of action regardless of whether those reasons were presented to the trial court (§ 472c, subd. (a)).

In granting Kravchuk's request for judicial notice we do so with a caveat. Courts will take judicial notice of only relevant matter. (*Jordache v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.) We will consider the relevance of the material proffered by Kravchuk in the request for judicial notice below in addressing the merits of her appeal. (See *De Asis v. Department of Motor Vehicles* (2003) 112 Cal.App.4th 593, 597, fn. 3.)

### b. Analysis of Claim of Error

Kravchuk contends that the court abused its discretion in sustaining without leave to amend the demurrer filed by Lee. As we perceive her position, Kravchuk contends there are additional facts not contained in the (Third Amended) Complaint that could be alleged in an amended pleading to cure the defects as found by the trial court. She asserts the following additional facts in support of her contention that the trial court should have granted leave to amend: (1) Taylor was represented in the purchase and sale transaction by the brokerage firm, Taylor Services; (2) Lee was a representative sales agent and a vice president of Taylor Services, and thus acted in an agency capacity in connection with the transaction; (3) California law imposes a duty of disclosure upon licensed salespersons and an obligation not to defraud or intentionally conceal material facts; (4) Jenny Thuong-Flores, a licensed real estate salesperson affiliated with Taylor Services,

11

advised Kravchuk in a letter dated October 5, 2017, that the estimated close of escrow for the transaction was October 31, 2017; (5) in a letter of October 12, 2017, Lee advised Kravchuk that Taylor had scheduled close of escrow for October 31, 2017, and she expressed confidence that the Property would be ready for move-in by that date; (6) Kravchuk relied upon the notices from Thuong-Flores and Lee by traveling, on short notice, with her father and child from Ukraine to California—incurring total expenses of $3,423 in doing so—to attend a walk-through of the Property in anticipation of closing, only to be told by Taylor that she could not access the Property and it was not ready for move-in; and (7) on November 9, 2017, a real estate agent for Taylor Services falsely represented to Kravchuk that a document attached to her e-mail was a COO for the Property.

It appears that Kravchuk claims that the first three additional facts identified in the preceding paragraph are supported by the documents attached to her request for judicial notice. But her claims on appeal that Taylor was represented in the purchase and sale transaction by Taylor Services and that Thuong-Flores was a licensed sales agent affiliated with that entity are not supported by the record, including the documents attached to her request for judicial notice. The documents attached to the request do not identify Thuong-Flores as being affiliated with Taylor Services as a broker, sales agent, or officer of the entity. Further, although the Agreement identified Thuong-Flores as Taylor's sales associate, it did not identify Taylor Services as the seller's broker in the transaction. Moreover, although the documents attached to the judicial notice request indicate that Lee was at one time affiliated with Taylor Services, they also note, as to Lee's relationship with that entity, "OFFICER CANCELED AS OF 2/16/21." And none of the documents attached to the judicial notice request indicates that Lee was either an officer or a sales agent affiliated with Taylor Services *during the relevant time* of March 2017 through January 2018. There is thus nothing in the record to support Kravchuk's alleged additional facts that Lee was acting in the transaction as a sales agent and/or

12

officer affiliated with Taylor Services, and that that entity, in turn, was the broker for Taylor in the transaction. The additional facts (Nos. (1) through (3), identified, *ante*) are not supported by the documents attached to the request for judicial notice, and do not demonstrate error in the trial court's denial of leave to amend.

Kravchuk cites a declaration she filed in opposition to a discovery motion by Taylor on May 18, 2020, as supportive of the remaining additional facts asserted by Kravchuk here—identified as fact Nos. (4) to (7), *ante*. Preliminarily, we note that Lee contends that because Kravchuk's declaration was not presented by her in opposing the demurrer, it is improper for her to raise it now on appeal to show additional facts that could be alleged in an amended pleading.[5] Lee's position is without merit. The "abuse of discretion in sustaining a demurrer without leave to amend is reviewable on appeal even in the absence of a request for leave to amend. [Citation.]" (*Scott*, *supra*, 6 Cal.3d at p. 550; see also (§ 472c, subd. (a).) The appellant may satisfy his or her burden of demonstrating a reasonable possibility that the complaint can be amended to state a viable claim "by identifying new facts or theories on appeal. [Citations.]" (*Minnick*, *supra*, 13 Cal.App.5th at p. 1004.)[6]

We address Kravchuk's claimed additional facts—identified above as nos. (4) through (7)—as follows:

---

[5] Lee cites no legal authority to support her claim that Kravchuk's argument is improper. (See *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284 [failure to cite legal authority for position in appellate brief "amounts to an abandonment of the issue"].)

[6] Although Kravchuk is entitled to raise new facts and theories on appeal to support her claim that she should have been granted leave to amend, these additional facts were available to Kravchuk *before* she filed her second amended complaint and her (Third Amended) Complaint naming Lee, and were available *nearly one year before* Kravchuk filed opposition to Lee's demurrer to the Complaint. We question Kravchuk's assertion that these additional facts are critical to her claims, since they were previously known to her but not mentioned at these critical junctures of the case.

13

*Additional Fact* (*4*): On October 5, 2017, Thuong-Flores sent a letter to Kravchuk, with a copy to her agent, scheduling a walk-through of the Property on October 30 and indicating that close of escrow was scheduled for October 31. Thoung-Flores indicated that "[d]ates may also be subject to change due to unforeseen construction delays (weather, defective material, back orders, shortage in labor, etc.)." (Boldface omitted.) The letter did not mention that a COO had issued for the Property or otherwise refer to a COO. There is no indication that Lee played any role in sending the letter.

*Additional Fact* (*5*): On October 12, 2017, Lee wrote to Kravchuk, with a copy to her agent, stating that the Property was near completion and Taylor had scheduled close of escrow for October 31, 2017. Lee expressed confidence that the Property would be ready for move-in by that date, although Taylor "retain[ed] the right to postpone the Close of Escrow Date."[7] Lee indicated further that Thuong-Flores, "[Kravchuk's] Taylor Morrison Sales Associate," would contact Kravchuk with additional information about the closing. Lee, who wrote the letter on Taylor letterhead and signed it as Taylor's Vice President of Sales and Marketing, did not mention anything in the letter that the City had issued a COO for the Property. This letter does not provide support for new allegations in a proposed amended pleading that would cure the defects to the Complaint.

*Additional Fact* (*6*): Kravchuk relied upon the notices from Thuong-Flores and Lee concerning close of escrow in traveling to California for the walk-through of the Property, which was cancelled. Since Lee's letter of October 12, 2017, did not provide support for new allegations to cure defects to the Complaint, the allegation that Kravchuk relied on statements in the letter, similarly, would not assist Kravchuk in alleging viable claims.

---

[7] We note that the Agreement contained a provision reading as follows: "Buyer has not been promised an exact time for possession, use or occupancy of the Home."

14

*Additional Fact* (*7*): Kravchuk proposes to allege that on November 9, 2017, a real estate agent for Taylor Service falsely represented to her that a document attached to her e-mail was a COO for the Property. From a review of Kravchuk's May 2020 declaration, it appears that she is referring to an e-mail sent on November 9, 2017 by Marjorie Safaie, Community Sales Manager for Taylor, apparently to Kravchuk's agent, indicating "COO is attached." There is nothing in the record indicating whether a COO was or was not attached to Safaie's e-mail. And there is no indication that Lee was copied on the e-mail or had anything to do with it.

In support of her assertion that she could amend the Complaint to allege a viable fraud claim, Kravchuk argues that because she was not aware of Lee's relationship with Taylor Services, "Kravchuk was misled about [Lee's] role in the transaction." She also argues that Lee "actively concealed the fact that [the] COO for the Property [had] not issued at the time of demands to Kravchuk to appear for wrongfully [*sic*] scheduled [walk-throughs] and COEs." These types of "vague claim[s] . . . do[] not satisfy an appellant's duty to spell out in his [or her] brief the specific proposed amendments on appeal." (*People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112.)

The proposed amendments stated in Kravchuk's appellate briefs do not cure the defects in the Complaint (as identified by the trial court) with respect to the third cause of action for fraud/deceit. Kravchuk, inter alia, has not shown that she can (1) plead fraud perpetrated by Lee with any specificity; (2) present any nonconclusory allegations that Lee affirmatively misrepresented any matters to, or intentionally concealed any material facts from, Kravchuk; (3) identify any representations—or any contact at all—made by Lee to Kravchuk before she signed the Agreement; or (4) support an allegation that she justifiably relied on any alleged misrepresentation or concealment of facts by Lee. Furthermore, because the fifth cause of action is dependent on alleging a viable fraud/deceit claim, Kravchuk cannot show that she can amend the Complaint to plead a viable claim for aiding and abetting.

15

Kravchuk's proposed amendments similarly fail to address the defects with respect to the fourth cause of action against Lee for civil conspiracy. She has not shown that she can address her prior failure to plead misrepresentations or concealment of material facts in furtherance of the alleged conspiracy. Further, she has not shown that she can address the fatal defect in the Complaint that there can be no conspiracy liability because Lee "was not personally bound by the duty violated by the wrongdoing and [she] was acting only as the agent or employee of the party [Taylor] who did have that duty." (*Doctors' Co.*, *supra*, 49 Cal.3d at p. 44.)

And Kravchuk has failed to show that she could amend to cure the defects in the Complaint with respect to the sixth and seventh causes of action for intentional and negligent interference with prospective advantage. Her proposed amendments do not address the defect that Lee, as a corporate agent and employee of Taylor acting on its behalf, cannot be held liable for inducing a breach of Taylor's contract. (*Shoemaker*, *supra*, 52 Cal.3d at p. 24.) In addition, Kravchuk has failed to show that she can allege facts that Lee committed any acts designed to disrupt Taylor's relationship with Kravchuk.

Kravchuk emphasizes in her opening brief that she should not have been denied leave to amend because of the liberal policy favoring amendments. We acknowledge, as quoted by Kravchuk, that "[i]t is often said that leave to amend a complaint should be liberally granted, particularly with respect to a party's initial complaint." (*City of Torrance v. Southern California Edison Company* (2021) 61 Cal.App.5th 1071, 1091.)[8]

---

[8] Kravchuk asserts that the demurrer that was sustained here was one involving her "initial complaint" because it was the first pleading in which a demurrer involving Lee had been sustained by the court. Although Kravchuk is correct, under the circumstances, it is difficult to view the (Third Amended) Complaint as her "initial" complaint, when it was (1) filed more than two and one-half years after she commenced this action, (2) preceded by three other complaints, (3) preceded by the second amended complaint that contained the identical five causes of action against Lee, and (4) filed after Kravchuk was on notice (through a demurrer by Lee to the second amended complaint that was

This liberal policy notwithstanding, Kravchuk bears the burden of showing that she could have amended the (Third Amended) Complaint to cure the numerous defects identified by the trial court that rendered the pleading demurrable. (See *Campbell*, *supra*, 35 Cal.4th at p. 320.) Kravchuk has failed to meet that burden. Accordingly, because Kravchuk has not shown a reasonable possibility that she could cure the defects in the Complaint, we find that the trial court did not abuse its discretion in denying leave to amend as to the third through seventh causes of action. (*Schifando*, *supra*, 31 Cal.4th at p. 1081.)

### 2. *No Error in Granting of Application for Entry of Judgment*

The background concerning the entry of judgment here, to the extent disclosed in the record, is as follows. It appears that Lee's counsel advised Kravchuk by e-mail on October 8, 2021, that counsel would be appearing in court ex parte on October 13 to apply for entry of judgment. The e-mail stated that the application papers would be submitted under separate cover. The e-mail also stated that a copy of the proposed judgment had been submitted to Kravchuk on October 1 for approval as to form, but she had not responded to that request. The ex parte application, dated October 12, was filed with the court on October 13.[9] On the first page of the application, it was indicated that the matter would be presented in Department 7 before Judge Christopher Rudy. Kravchuk filed written opposition to the application on October 12 (i.e., the day before the application was to be heard and prior to the actual filing of the application). Her opposition—which attached an unfiled version of Lee's application—indicated that Lee

---

never adjudicated on its merits) that Lee asserted the claims against her were legally insufficient. However, whether or not the Complaint was Kravchuk's initial pleading for purposes of considering whether the trial court erred in denying leave to amend is not relevant here, because Kravchuk has in any event failed to meet her burden of showing a reasonable possibility that she could amend the Complaint to cure its deficiencies.

[9] The application for entry of judgment was made on behalf of defendants Lee, Ganion, Beck, Longo, and CSCG.

had failed to make the requisite showing to proceed on an ex parte basis. Kravchuk did not state that she had any specific objection to the form of proposed judgment in Lee's application. Nor did Kravchuk address in her opposition the assertion by Lee's counsel that she had disregarded counsel's request 11 days earlier that she approve the form of judgment proposed by counsel. On October 13, the judgment was signed by the Honorable Sunil Kulkarni, with the indication that he had granted the ex parte application based upon a showing of good cause.

Kravchuk contends that the trial court erred in granting Lee's ex parte application for entry of a judgment of dismissal. She asserts three reasons that the court erred in granting the application.

First, Kravchuk argues that the ex parte application was defective because it misidentified the location where the matter would be heard, erroneously stating that it would be heard in Department 7 instead of Department 1. The record does not show the reason that the application was granted and judgment signed by Judge Kulkarni instead of by Judge Rudy in Department 7, the judicial officer who ruled on Lee's demurrer to the Complaint and who was assigned the case for all purposes. The mere fact that the application, submitted to Kravchuk the day before the proceeding, identified a department where the matter would be heard that was different from the department to which the proceeding was assigned does not establish that the application notice itself was erroneous. Kravchuk has failed to demonstrate error. (See *In re A.L.* (2022) 73 Cal.App.5th 1131, 1161 [appellant bears burden of making affirmative showing of error].)

Second, Kravchuk asserts that obtaining entry of judgment through the ex parte application process was improper under section 664.5, subdivision (a) (§ 664.5(a)). She quotes from *O'Brien v. Cseh* (1983) 148 Cal.App.3d 957, 961 (*O'Brien*), holding that "[a]pplications for orders may not be ex parte if a statute or rule requires notice." Kravchuk argues that, based upon this principle, the judgment of dismissal here could not

18

have been entered based upon an ex parte application because section 664.5(a) provides that "the party submitting an order or judgment for entry shall prepare and serve, a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service."

Kravchuk did not make this argument in her opposition to the ex parte application. Nor is there any evidence that she made the argument to the trial court elsewhere, such as in a request to vacate the entry of judgment. The procedural objection is forfeited. (See *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [" 'appellate court will ordinarily not consider procedural defects or erroneous rulings . . . where an objection could have been but was not presented to the lower court by some appropriate method' "].)

Even were we to consider its merits, Kravchuk's argument fails. Section 664.5(a) provides that "the party submitting an order or judgment for entry shall prepare and serve, a copy *of the notice of entry of judgment* to all parties who have appeared in the action or proceeding and shall file with the court *the original notice of entry of judgment* together with the proof of service." (Italics added.) Plainly, the statute concerns a judgment *that has already been entered*, not a *proposed* judgment that is being *submitted for entry* by the court. Section 664.5(a) does not provide that a party submitting a proposed order or judgment for signature by a judicial officer must proceed by way of a noticed motion.[10] Kravchuk cites no case law or other authority (aside from

_____

[10] That section 664.5 concerns *previously entered* judgments, not ones that are proposed to the court for signature, is demonstrated by the fact that section 659, subdivision (a)(2) specifies as a deadline for the filing and service of a notice of intention to move for new trial as 15 days after service of a notice of entry of judgment by the clerk or by any party is made under section 664.5. (See also Cal. Rules of Court, rule 8.104(a)(1)(B) [specifying that notice of appeal must be filed within 60 days after notice of entry of judgment is given by any party].)

19

section 664.5(a)) that prohibits the use of an ex parte application to obtain a judgment of dismissal after the sustaining of a demurrer without leave to amend. *O'Brien*, *supra*, 148 Cal.App.3d at page 961, relied on by Kravchuk, concerned an ex parte application for sanctions under section 128.5; under that statute, there was a specified notice and motion procedure. There is no such statutory requirement of a noticed motion to request the entry of judgment of dismissal after the sustaining of a demurrer without leave to amend. (Cf. *Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1110 [defendant may seek judgment of dismissal by ex parte application after demurrer sustained and plaintiff fails to amend because "the losing party has already been entitled to a full hearing on the merits"]; § 581, subd. (f)(1) [court may dismiss complaint as to that defendant "after a demurrer to the complaint is sustained without leave to amend and either party moves for dismissal"].)

Third, Kravchuk contends that the trial court erred by entering judgment because Lee did not satisfy the requirement of showing good cause in her ex parte application. The application included the accompanying declaration of Lee's counsel that Lee would suffer irreparable harm if the matter did not proceed on an expedited basis, explaining that Lee would continue to incur unnecessary litigation expenses until judgment was entered. Kravchuk argues that this statement of counsel was conclusory and insufficient. Kravchuk made the same argument to the trial court, and that court, in granting Lee's ex parte application, implicitly rejected Kravchuk's contentions. (See *Barboni v. Tuomi* (2012) 210 Cal.App.4th 340, 352 [it is presumed that the trial court considered both the moving and opposition papers to ex parte application].)

A trial court's order granting an ex parte application for dismissal is reviewed for abuse of discretion. (*Hupp v. Solera Oak Valley Greens Assn.* (2017) 12 Cal.App.5th 1300, 1309.) " 'An abuse of discretion must be clearly established to merit reversal on appeal. [Citation.]' [Citation.]" (*Id.* at p. 1310.) Because the trial court, over the opposition by Kravchuk, had previously sustained Lee's demurrer without leave to

20

amend as to all five claims asserted against her, and no substantive reason was presented by Kravchuk for the court's refusing Lee's request for entry of a judgment of dismissal on that order, the trial court did not abuse its discretion here.

## III.    DISPOSITION

The October 13, 2021 judgment of dismissal on the demurrer of Joyce Lee to the Third Amended Complaint is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:



_____
DANNER, J.




_____
WILSON, J.




*Kravchuk v. Lee*
**H049558**